BRYAN, Justice.
1151268-AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R. App. P.
1151315-APPEAL DISMISSED AS MOOT.
Stuart, C.J., and Parker, Shaw, Main, and Wise, JJ., concur.
Bolin and Murdock, JJ., dissent.
Sellers, J., recuses himself.
Stuart, C.J., and Parker, Shaw, Main, and Wise, JJ., concur.
Murdock, J., concurs in the judgment of dismissal only.
Bolin, J., dissents.
Sellers, J., recuses himself.
MURDOCK, Justice (dissenting in case no. 1151268 and concurring in the judgment of dismissal only in case no. 1151315).
In case no. 1151268, an appeal, this Court affirms without opinion a judgment for money damages awarded on a wrongful-death claim against Noland Hospital Dothan II, LLC ("Noland"), in favor of Karren Hughes, as executrix of the estate of Thomas Doster, who allegedly was injured and subsequently died from a fall that occurred while Doster was a patient at one of Noland's hospitals. Principal among the issues in the case are whether Doster suffered a fall in his hospital room sufficient to cause internal head injuries, and whether he did in fact suffer internal head injuries that contributed to his death, or whether his death instead resulted from the progression of certain preexisting conditions.
The judgment of the trial court in favor of Hughes was based upon a verdict entered by a jury that heard testimony as to a hearsay statement made by Doster himself to the effect that he fell, which the trial court admitted under the excited-utterance exception to the hearsay rule. See Rule 803(2), Ala. R. Evid. Given Doster's general condition and state of mind, as well as the timing of the out-of-court statement at issue, that statement did not in my opinion have the necessary attributes of trustworthiness or otherwise qualify for *1076 admission under the excited-utterance exception to the hearsay rule.
In addition, the jury heard testimony from Doster's brother, who relayed an out-of-court statement by an unidentified "intern or something," which apparently was admitted into evidence under Rule 801(d)(2)(C) or (D), Ala. R. Evid., as an admission by a party opponent. In my view, the record contains insufficient information to establish this declarant to be an agent or servant of the hospital, or to establish that his statement concerned a matter within the scope of any such agency, so as to qualify for exclusion from the hearsay rule under the admission-of-party-opponent provisions of Rule 801(d)(2)(C) and (D).
Based on the foregoing, and because I believe the aforesaid testimony was material (given what I consider to be the speculative and inferential nature of much of the other evidence), I respectfully dissent from the affirmance of the trial court's judgment based on a verdict rendered by a jury that heard that evidence.[1]
In a cross-appeal, case no. 1151315, Hughes argues that the trial court's judgment against Noland should be upheld on the alternative ground that there was evidence proffered, but improperly excluded from the jury's consideration, that the trial judge could have considered to justify his denial of Noland's postjudgment motion for a judgment as a matter of law. Rule 50(d), Ala. R. Civ. P., provides:
"If the motion for judgment as a matter of law is denied, the party who prevailed on the motion may, as appellee, assert grounds entitling the party to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted."
Although Rule 50(d) allows this Court, upon reversing the denial of a motion for a judgment as a matter of law, to order a new trial or to direct a trial court to determine whether to order a new trial, Hughes expressly states that she is not requesting a new trial. Instead, she argues that the judgment in her favor should be upheld as a matter of law on the basis of the evidence that, although withheld from the jury, was known to the trial judge.
First, if Hughes's argument were a proper alternative basis for upholding the judgment in her favor, then a cross-appeal to assert that alternative ground is neither necessary nor appropriate. Such a ground would be properly asserted in the initial appeal simply as an alternative ground for affirming the trial court's judgment. See, e.g., Municipal Workers Comp. Fund, Inc. v. Morgan Keegan & Co., 190 So.3d 895, 908 (Ala. 2015).
More fundamentally, the Court cannot sustain a judgment entered on an otherwise improper jury verdict based on the trial court's collateral consideration of evidence not presented to the jury. As Rule 50 indicates, perhaps a new trial would be in order if the initial appeal were successful and it were to be determined in a cross-appeal that there was evidence that had been improperly excluded from the jury's consideration that should be considered in the new trial. But the court in a jury trial *1077 cannot replace a jury's faulty verdict with its own verdict based on evidence to which it, but not the jury, was privy.
Based on the foregoing, I cannot agree to the dismissal of the cross-appeal on the ground that it is moot, as stated in this Court's order dismissing that cross-appeal. Instead, for the reasons stated above, I find the cross-appeal, as framed, to be without merit in its own right. Accordingly, as to the cross-appeal, I concur in the judgment of dismissal only.

In addition, I am concerned about the fact that one or more jurors had discussions about the case with an alternate juror before the conclusion of the trial. I find it unnecessary to further address this as a potential ground for reversal in light of the concerns addressed in the text.